IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Thomas Vest,<br><br>              Plaintiff,<br><br>vs.<br><br>Lennar Carolinas, LLC,<br><br>              Defendant. | CASE NO. 4:24-cv-03792-JD<br><br>**AMENDED COMPLAINT**<br><br>**(Jury Trial Demanded)** |

Plaintiff Thomas Vest, complaining of Defendant Lennar Carolinas, LLC, would respectfully show unto this Honorable Court as follows:

### NATURE OF THE ACTION

1.  This is a construction defect action for damages sustained by Plaintiff Thomas Vest, the real property owner of the residence located at 1625 Culbertson Avenue, Myrtle Beach, SC.

### PARTIES

2.  Plaintiff Vest is a citizen and resident of Horry County, South Carolina and owns real property located at 1625 Culbertson Avenue, Myrtle Beach, South Carolina (hereinafter the "Residence").

3.  Defendant Lennar Carolinas, LLC (hereinafter "Defendant Lennar) is a limited liability company organized under the laws of a state outside of South Carolina, but at all times relevant to this lawsuit, Defendant Lennar was conducting business within Horry County, South Carolina. Defendant Lennar designed the Residence, acted as the general contractor for the construction of the Residence and sold the Residence to Plaintiff Vest.

1

## JURISDICTION AND VENUE

4.  This Court has jurisdiction over the subject matter of this action and the parties of this action.

5.  Venue is proper because the acts and omissions giving rise to this action occurred in Horry County, South Carolina.

## FACTUAL ALLEGATIONS

6.  Defendant Lennar oversaw the design and construction of the Residence.

7.  Defendant Lennar improperly installed the moisture barrier under the Residence's concrete floor slab.

8.  On August 4, 2010, Defendant Lennar failed a slab and moisture barrier inspection by the City of Myrtle Beach due to "[s]oft spots in slab." *See* Ex. 1, City of Myrtle Beach Inspection Report. "POLY" refers to the moisture barrier.

9.  On August 5, 2010, the following day, Defendant Lennar passed a City of Myrtle Beach inspection, which did not include inspection of the "POLY." *Id.*

10. Defendant Lennar covered the improperly installed moisture barrier with the cement slab to pass the City of Myrtle Beach's inspection.

11. Defendant Lennar fraudulently represented to the City of Myrtle Beach the moisture barrier was properly installed when in fact it was not.

12. Defendant Lennar concealed and fraudulently hid the improperly installed moisture barrier.

13. Defendant Lennar then fraudulently contracted with Plaintiff Vest by selling the Residence to Plaintiff Vest without disclosing the moisture barrier was improperly installed.

14. On April 26, 2010, Plaintiff Vest purchased the Residence from Defendant Lennar for $216,990.00.

15. Since purchasing the Residence, Plaintiff Vest has had issues with moisture intrusion into the Residence.

16. In September 2022, Plaintiff Vest had the floors on the ground floor replaced and discovered moisture between the flooring and concrete slab.

17. The defects in design and/or construction complained of include but are not limited to the following:

    a) In failing to install a moisture barrier or vapor retarder beneath the concrete floor slab of the Residence;

    b) In failing to properly waterproof the exterior of the Residence;

    c) By concealing the improperly installed moisture barrier; and

    d) In such other failures as will be shown through the discovery and trial of this matter.

18. The latent design and construction defects at the Residence have resulted in repeated and continual exposure to moisture intrusion into the Residence, failure of the exterior envelope, and other consequential damages to the Residence. Plaintiff Vest has been and will continue to be proximately damaged by the design and construction defects existing at the Residence.

19. As a direct and proximate result of the acts and omissions of Defendant Lennar, Plaintiff Vest has suffered injuries, will continue to suffer injuries, and is entitled to the recovery of damages in the amount of the cost to repair the Residence, consequential damages, including loss of use and loss of value, punitive damages where applicable, attorney's fees where applicable, plus costs and interest.

## FIRST CAUSE OF ACTION
**(Negligence/Gross Negligence)**

20. Plaintiff Vest incorporates into this cause of action the allegations in the foregoing paragraphs above as fully as if repeated verbatim herein.

21. Defendant Lennar owed a duty to Plaintiff Vest to exercise that degree of skill necessary to design and construct the Residence free of construction defects and designed and built in conformity with the customary and ordinary standards of the building and construction industry.

22. The defects and deficiencies which exist at the Residence are the direct and proximate result of the negligence and/or gross negligence of Defendant Lennar in one or more of the following particulars:

   a) in failing to properly construct the Residence by deviating from the plans and specifications and/or failing to employ practices and methods of construction conforming to the customary and ordinary standards of the construction industry;

   b) in performing work which violated applicable building codes;

   c) in allowing and/or accepting non-conforming or defective work;

   d) in failing to properly supervise employees, agents and subcontractors to ensure that all work proceeded in accordance with the plans and specifications and in conformity with industry standards;

   e) in accepting defective and/or non-conforming materials and labor;

   f) in providing deficient and/or defective workmanship and/or materials, without proper inspections to ensure the work was correct and in conformity with customary industry standards and in accordance with the plans and specifications;

   g) in failing to act as a reasonable and prudent contractor would and under the circumstances then and there existing; and

   h) in concealing the improperly installed moisture barrier and therefore prolonging the Residence's exposure to the construction defect.

23. As a direct and proximate result of the negligence and/or gross negligence of Defendant Lennar, Plaintiff Vest has suffered injuries and damages in the amount equal to the extraordinary

repair, maintenance and reconstruction costs required and to be required over the expected life of the structure.

## SECOND CAUSE OF ACTION
**(Breach of Express and Implied Warranties)**

24. Plaintiff Vest incorporates into this cause of action the allegations in the foregoing paragraphs above as fully as if repeated verbatim herein.

25. Upon information and belief, Defendant Lennar, as the general contractor and seller of the Residence, made express warranties that the Residence would be free of construction defects.

26. Defendant Lennar also impliedly warranted that the Residence would be constructed in a careful, diligent and workmanlike manner, free of construction defects.

27. Defendant Lennar breached its express and implied warranties in one or more of the following particulars:

    a) in failing to properly construct the Residence by deviating from the plans and specifications and/or failing to employ practices and methods of construction conforming to the customary and ordinary standards of the construction industry;

    b) in performing work which violated applicable building codes;

    c) in allowing and/or accepting non-conforming or defective work;

    d) in failing to properly supervise employees, agents and subcontractors to ensure that all work proceeded in accordance with the plans and specifications and in conformity with industry standards;

    e) in accepting defective and/or non-conforming materials and labor;

    f) in providing deficient and/or defective workmanship and/or materials, without proper inspections to ensure the work was correct and in conformity with customary industry standards and in accordance with the plans and specifications;

    g) in failing to inform Plaintiff Vest of the defects in the plans and specifications; and

    h) in concealing the improperly installed moisture barrier and therefore prolonging the Residence's exposure to the construction defect.

28.     As a direct and proximate result and consequence of Defendant Lennar's breach of its express and implied warranties, Plaintiff Vest has suffered injuries and damages in an amount equal to the extraordinary investigation, repair, maintenance and reconstruction costs required and to be required over the expected life of the structure, loss of use and diminution in value.

## THIRD CAUSE OF ACTION
### (Breach of Contract)

29.     Plaintiff Vest incorporates into this cause of action the allegations in the foregoing paragraphs above as fully as if repeated verbatim herein.

30.     Plaintiff Vest contracted with Defendant Lennar to purchase the Residence.

31.     Defendant Lennar held itself out to Plaintiff Vest as a qualified builder and capable in all respects of building and selling a residence conforming to the customary and ordinary standards of the construction industry.

32.     Defendant Lennar breached its contract with Plaintiff Vest in that it:

   a)    failed to conform to the terms of its contract in the provision of materials and performance of services and labor associated with the sale of the Residence;

   b)    failed to take proper precautions to ensure that the alleged defects and damages would not occur;

   c)    inadequately supervised and/or inspected the materials provided and the services and labor performed at the Residence;

   d)    failed to follow general industry standards in its provision of materials and performance of services and labor associated with the Residence;

   e)    failed to perform its contract in a professional and workmanlike manner;

   f)    failed to conform to applicable statutes and building codes in its provision of materials and performance of services and labor associated with the Residence;

   g)    in concealing and fraudulently hiding the improperly installed moisture barrier and therefore prolonging the Residence's exposure to the construction defect; and

6

      h)      failed in such other ways to be shown at the trial of this action.

33.     Plaintiff Vest's damages were caused by Defendant Lennar's breach of contract.

34.     As a direct and proximate result and consequence of the breach of contract by Defendant Lennar, Plaintiff Vest has suffered injuries and damages in the amount equal to the extraordinary repair, maintenance, and reconstruction costs required and to be required over the expected life of the Residence.

     WHEREFORE, Plaintiff Vest prays for a judgment against the Defendant Lennar for such actual and punitive damages as this Court deems appropriate and for such other and further relief as is just and proper, including but not limited to, pre-judgment interest, post-judgment interest, attorney's fees and costs.

**J.R. BATTLE LAW FIRM, LLC**

*s/James R. Battle*
(SC Bar No. 73604)
1809 N. Oak St.
Myrtle Beach, SC 29577
T: (843) 839-5310
F: (888) 315-6669
Email: jbattle@jrbattlelawfirm.com

November 27, 2024