IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Thomas Vest, | Case No. 4:24-cv-03792-JD |
| Plaintiff, | |
| vs. | |
| Lennar Carolinas, LLC, | ORDER |
| Defendant. | |

Before the Court is Plaintiff Thomas Vest's ("Plaintiff" or "Vest") Motion to Remand (DE 30) this matter to the Horry County Court of Common pleas. Defendant Lennar Carolinas, LLC ("Defendant" or "Lennar"), opposes the motion (DE 37), and Plaintiff has replied (DE 42). For the reasons below, the Court grants Vest's motion to remand. (DE 30.)

## BACKGROUND

On March 26, 2024, Plaintiff, a citizen and resident of South Carolina, filed this construction defect action in the Horry County Court of Common Pleas against Lennar. (DE 1-1.) On July 1, 2024, Defendant Lennar removed the action to this Court based on diversity jurisdiction under 28 U.S.C. §§ 1332, 1441, and 1446. (DE 1.) Lennar is a limited liability company, whose sole member, Lennar Homes, LLC, is a limited liability company, whose sole member, U.S. Home, LLC, is a limited liability company, whose sole member, Lennar Corporation, is a corporation incorporated under the laws of the State of Delaware with its principal place of

1

business in Florida. (DE 1-2, ¶¶ 4–13.) Lennar is, therefore, deemed a citizen of Delaware and Florida.

On March 10, 2025, the Court granted Plaintiff's unopposed motion to amend the complaint (DE 23) to add Chaves Enterprises, Inc. ("Chaves"), a South Carolina corporation that served as the contractor for the construction of Plaintiff's residence. (DE 24; *see also* DE 23-1.) Neither party said joinder of Chaves would deprive the Court of subject matter jurisdiction. Plaintiff filed his Amended Complaint on March 14, 2025, formally adding Chaves as a defendant. (DE 25.) On April 17, 2025, Chaves answered the Amended Complaint. (DE 39.)

Plaintiff now moves to remand this case on the ground that the addition of Chaves, a South Carolina citizen, eliminates complete diversity between the parties. (DE 30.) Lennar opposes the motion, arguing, among other things, that Plaintiff's post-removal attempt to join a new, purportedly non-diverse defendant does not automatically deprive the Court of subject matter jurisdiction and is premature because Chaves has not yet appeared in the case. Lennar further asserts that if and when Chaves appears, the Court may sever or remand and/or dismiss the claims against Chaves in order to retain subject matter jurisdiction, with that determination informed by Chaves' defenses or arguments. (DE 37 at 2–3) (citing Rule 21 Fed. R. Civ. P. ("Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party."))

## DISCUSSION

Under 28 U.S.C. § 1447(e), "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." Here, however, joinder of the non-diverse defendant has already occurred, without objection from Lennar. (*See* DE 24); *see also Mayes v. Rapoport*, 198 F.3d 457, 462 (4th Cir. 1999) ("the statute does not allow a district court to retain jurisdiction once it permits a nondiverse defendant to be joined in the case.")

Even setting aside this jurisdictional threshold, the Court, in exercising its discretion under § 1447(e), has carefully considered the relevant factors identified in *Mayes*, including "the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether the plaintiff has been dilatory in asking for amendment, whether the plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." *Id*. Having weighed these considerations, the Court concludes that remand is appropriate.

First, there is no indication in the record that Plaintiff sought to add Chaves solely to destroy diversity jurisdiction or to defeat federal forum. Rather, Plaintiff's motion to amend was unopposed, timely, and based on the substantive role of Chaves as the contractor allegedly responsible for the construction defects at issue. Second, Plaintiff was not dilatory in seeking amendment; the motion was filed reasonably soon after removal and before significant discovery or litigation milestones. Third, denying joinder would significantly prejudice Plaintiff by requiring parallel litigation

in state court to pursue claims against Chaves, who appears to be a central actor in the underlying dispute.

While Lennar argues that the Court could sever or dismiss the claims against Chaves to preserve jurisdiction, the Court finds that such action is neither necessary nor appropriate under the circumstances. Chaves appears to be a necessary party under Federal Rule of Civil Procedure 19 because of its direct involvement in the construction work underlying Plaintiff's claims, and retaining jurisdiction solely over Lennar while carving out claims against Chaves would risk inconsistent adjudications and piecemeal litigation.

Having weighed these considerations, the Court concludes that permitting joinder and remanding the action to state court is the appropriate exercise of its discretion under § 1447(e), notwithstanding Lennar's request to preserve federal jurisdiction.

## CONCLUSION

For the foregoing reasons, Plaintiff Thomas Vest's motion to remand (DE 30) is **GRANTED**, and this matter is hereby remanded to the Horry County Court of Common Pleas.

**IT IS SO ORDERED.**

Joseph Dawson, III
United States District Judge

June 2, 2025
Florence, South Carolina